[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 2376
The parties were married on April 28, 1990 in Wilton, Connecticut.
All jurisdictional requirements have been met.
The parties have two minor children born issue of this marriage; Jessica Ariel Odin, born May 13, 1992; and Riana Kirsten Odin, born January 25, 1994.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The parties have submitted to the court a partial agreement that covers custody, visitation and medical costs for the children. That agreement is approved and incorporated by reference as part of the court's decree. The parties have not reached an agreement on the financial aspects of the dissolution and the court has heard evidence in regard to those matters.
The parties each recite different reasons for the breakdown of the marriage. The court does not attribute the breakdown of the marriage to one party over the other. The court has considered the statutory criteria contained in Connecticut General Statutes Sections 46b-81 and 46b-82 and 46b-84.
The defendant represents to the court that he is a self-employed consultant who consults exclusively for a printing business owned by his mother. Previous to his employment as a consultant he was the president of this company. The defendant testified that, during the dissolution proceedings, he left his job because he felt unhappy and unfulfilled. Ultimately, he wishes to be a wood worker, though he has undertaken no efforts to establish such a career.
There was much testimony about the declining fortunes of the company which the defendant used to head. The testimony was not convincing. While the business has had its ups and downs, the testimony makes clear that the defendant left his job voluntarily and to the financial detriment of his family. Indeed, the impression is left that, faced with the dissolution action, first the defendant lowered his income, and then he quit his job. Indeed, the consulting job performed by the defendant sounds suspiciously like the job he previously held, absent control and CT Page 2377 power. The defendant's earning capacity, based on his income and expenses at his former job, is between $70,000.00 and $80,000.00. Despite the ups and downs at his former business, that business has not substantially altered the benefits available to the family members who work there. There is no doubt that the defendant voluntarily left available and lucrative work.
The plaintiff is a legal secretary who works part time. Her employer allows her to work at home. She has arranged this in order to be available for her two young daughters. In accord with the parties' agreement regarding custody, the children will reside primarily with her.
The court enters the following orders:
 1. The defendant shall pay child support, directly to the plaintiff, in the amount of $265.00 per week. This order is subject to immediate wage withholding and is in compliance with the child support guidelines.
 2. The defendant shall pay alimony, directly to the plaintiff, in the amount of $235.00 per week. This order is subject to immediate wage withholding and shall terminate upon the earliest of the following events; the death of either party, the plaintiff's remarriage, cohabitation of the plaintiff in a manner that triggers the effect of Conn. Gen. Stat. Sec. 46b-86(b), or January 30, 2008.
 3. All right, title and interest in the marital home is awarded to the plaintiff. She shall indemnify, defend, and hold harmless the defendant on any obligations associated with the family home. She shall execute a mortgage note and deed in favor of the defendant, secured by the marital residence, in the amount of $32,500.00. The note shall bear interest in the amount of three per cent per year, and shall be payable upon the earliest of the following events; the plaintiff's remarriage or cohabitation as referenced above, the sale of the home, the failure of the home to be the primary residence of one of the children, or the youngest child's 19th birthday
 4. For so long as the plaintiff resides in the marital home, the defendant shall have the right to claim both children as exemptions for federal and state tax purposes. CT Page 2378
 5. The defendant shall pay the plaintiff $10,000.00 as counsel fees within six months. $5000.00 of this order shall be satisfied by payment, in that amount, to the guardian ad litem (GAL), on behalf of the plaintiff. The balance then owing to the GAL shall be divided between the parties equally, with each party being given credit for any payments over $5000.00 they have made to date. The parties shall make arrangements within two weeks for payment of fees owed to the GAL, and shall secure the same by wage execution or garnishment.
 6. The defendant shall maintain medical insurance for the benefit of the minor children equal in benefit to that available through his prior employment. Each of the parties shall be responsible for one half of the unreimbursed or uninsured health related expenses incurred on behalf of the minor children.
 7. The defendant shall maintain $100,000.00 in life insurance naming the plaintiff as beneficiary for so long as he is obligated to pay alimony.
 8. The defendant shall maintain life insurance in the amount of $150,000.00 naming the minor children as irrevocable beneficiaries.
 9. The plaintiff shall return the following items of personal property to the defendant within 30 days: five Persian rugs (four 3x5 and one 4x10), the small sailboat, the kitchen table and armoire made by him, and all tools still in her possession or which she may have given to anyone else. In addition, the plaintiff shall maintain in good condition all items, remaining in the marital home, made by the defendant, or shall return the same to him.
 10. Each party shall be responsible for all debts listed on their respective financial affidavits and shall indemnify, defend, and hold harmless the other thereon; and, except as otherwise ordered, each party is awarded the property listed on their financial affidavits.
By the Court, CT Page 2379
Elaine Gordon, Judge